UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, EX REL. | No. 4:24-cv-05157-SAB |
| Szeth Aslan Magnus, Relator | AFFIDAVIT OF INQUISITION |
| v. | REQUEST FOR DISCOVERY |
| WASHINGTON DEPT. OF CORRECTIONS | |
| Cheryl Strange, et. al. Respondents | |

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
JUL 0 2 2025
SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

### JUDICIAL NOTICE

1. "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 U.S.C. § 1985] are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action..." 42 U.S.C. § 1986.

2. "Whatever springes [sic] the State may set for those who are endeavoring to assert rights that the State confers, the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice." Justice Oliver Wendell Holmes Davis v. Wechsler, 263 U.S. 22, 24 (1923).

3. James v. Kentucky, 466 U.S. 341, 80 L. Ed 2d 346, 104 Sct 1830 (1984) holding that state statutes did not take precedent over Constitutional Law.

### INTRODUCTION

I, Szeth Aslan Magnus, in esse, present this Affidavit of Inquisition on behalf of SZETH ASLAN MAGNUS, to this UNITED STATES DISTRICT COURT - Eastern District of Washington under Article 1 Redress of Grievances, and the Ninth Amendment Reservation for the Resolution and Equitable Settlement Under Necessity, in the Nature of Request for Discovery.

I remind that U.S. DISTRICT COURT - EASTERN DISTRICT OF WASHINGTON has been indemnified on December 20, 2024.

### AFFIDAVIT OF INQUISITION

I, Szeth Aslan Magnus, in esse, being compos mentis, first duly sworn, declare and say before my Creator, and without the United States that the following

facts and statements are true, correct, certain and not meant to mislead. So Help Me God.

1. If F.R.C.P. 12(b) states "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted".

   Then: Have any of the Defendants stated a claim for which relief can be granted in any document filed in the instant case?

2. If 6 Moore's Federal Practice P. 56, 22 [1] at 56-1304 n. 5 (2d ed. 1976)("Unsworn statements cannot be considered."); <u>Piper v. United States</u>, 392 F. 2d 462, 426 (5th Cir. 1968) (holding that denials in unverified pleadings were insufficient to controvert affidavit offered in support of motion for summary judgment); with <u>Perry v. Thompson</u>, 786 F. 2d 1093, 1095 (11th Cir. 1986) (holding that specific facts pled in a sworn complaint and repeated in a separate affidavit must be considered in opposition to summary judgment); see also 28 U.S.C. § 1746 (providing alternative to making a sworn statement, but requiring that the statement include a handwritten subscription, signed and dated, that the statement is true under penalty of perjury). And, <u>Carlson v. Milbrad</u>, 68 Wn. 2d 847 S.Ct. June 23, 1966 (holding that a general denial contained in a pleading verified only by the party's attorney, is insufficient to raise into issue facts established by the affidavit of the other party, in the absence of any showing that the attorney had personal knowledge of the facts denied, since, under the summary judgment procedure, the mere raising of an issue in a pleading does not entitle a litigant to a trial, and in the absence of a counter-affidavit which controverts facts established by the affidavit of the other party, the trial court may properly enter an order excluding that issue from trial.)

   Then: Have the Defendant's provided any sworn counter-affidavit rebutting point-for-point any of the facts raised in my sworn and sealed affidavits in the instant case (e.g. Declaratory Relief, Preliminary Injunction, Notice of Declaratory Judgment?

3. If, as BRANDON MARSHALL states in Declaration of Brandon Marshall, Pg. 2 (5) "Mats are typically made of rubber or synthetic rubber, which prevents security devices, such as tasers and pepper spray, from making contact with an individual's skin..."

   Then: How is it that the synthetic rubberized/plastic material covering mattresses and pillows, which are of a much larger size, not a larger security concern regarding prevention of tasers and pepper spray?

4. If, as BRANDON MARSHALL states in Declaration of Brandon Marshall Pg. 3 (6) "Full size yoga mats are also long enough for an incarcerated individual to wrap around his body and/or face, further impeding the security devices from deescalating a situation."

Then: How is the larger size and surface area of the synthetic rubber/plastic material of the mattresses, or plastic storage totes and lids not a concern? And, how are the full-sized foam rubber yoga mats that are freely accessible to the 1024 inmates in the minimum security units at Coyote Ridge Correction Center not a concern when at any time day or night one could be brought to an ill-intentioned inmate's cell for these hypothetical nefarious purposes?

5. If, as BRANDON MARSHALL stated in Declaration of Brandon Marshall Pg. 3 (7) "Meditation cushions are similarly prohibited for in-cell use because they are usually filled with foam rubber or buckwheat. It is a simple matter for an incarcerated individual to open a seam to insert contraband..."

Then: If opening a seam to hide contraband is such an issue how are the high density foam filled mattresses and stuffed pillows not an identical security threat?

6. If, as LEVI C. DEAN stated in Declaration of Levi C. Dean Pg. 2 (5) "Individuals housed in my unit have access to yoga mats in the common area (dayroom). For security reasons, they are not permitted in an individual's cell."

Then: How is it that the yoga mats that are freely accessible 24/7, without check-out, placed in the common area do not pose a security threat when 128 individuals have unfettered access?

7. If, as LEVI C. DEAN states in Declaration of Levi C. Dean Pg. 2 (6) "Magnus may use folded towels, blankets, or pillows to cushion him as he meditates in his cell."

Then: How does folded towels, blankets, or pillows provide a non-slip hazard free surface for my protection during ecstatic meditation which is not done in a seated position but rather during yoga poses? And, how exactly does folded towels, blankets and pillows offer proper support, spine and pelvic alignment for extended, intensive seated meditation to prevent exacerbation and further injury to me?

8. If, as ZILVINAS JAKSTAS states in his sworn Declaration of Zilvinas Jakstas Pg. 2 (4) "DOC's property committee rejected both requests for security reasons."

Then: How is it that in correspondence dated July 17, 2024 (the first and only denial of my request after nearly 3 years) Mr. Jakstas states four reasons for "Not Currently Allowing Yoga Mats in Cells; 1) Safety Concerns: The neoprene/rubber material most standard yoga mats are made of can be misused or altered that create safety risks; 2) Logistical Challenges: Yoga mats are difficult to pack and transport when individuals need to move. Space during transports is already at a premium, unless a yoga mat can fit into a standard property box they would be difficult to transport; 3)

Policy Constraints: Yoga mats are not currently on the allowable personal or religious property matrices, allowing yoga mats would require an urgent policy revision; and 4) Hygiene Concerns: There is no current method to clean them without using unauthorized cleaning agents. Cloth style mats would require laundering and there is no process in place for laundering personal property items at this time."

Then: How is it that these four "concerns, constraints and challenges" turn into a hypothetical prison riot scenario only as the case nears its conclusion?

9. If, RCW 72.09.130 requires a clear link to my specific documented behavior with any "decreases in the degree of liberty granted the inmate within the programs operated by the department, access to or withholding of privileges available within correctional institutions..."

   Then: How is my behavior directly linked to the denial of liberty interest in the free exercise of my religion?

10. If, as stated in Defendant's Motion for Summary Judgment Pg. 2 "Although he has requested the mat and cushion several times, his requests have thus far been denied."

    Then: How does one letter from Zilvinas Jakstas dated July 17, 2024 suffice as denial of several requests over a period of years?

11. If, in § II Argument of Defendant's Motion for Summary Judgment "when the material facts of the case are undisputed and the moving party is entitled to judgment as a matter of law. Nw. Motorcycle Ass'n v. United States Dep't of Agric., 18 F. 3d 1468, 1471 (9th Cir. 1994)"

    Then: How is Due Process upheld by Defendant's claiming to be the moving party when I submitted a Notice for Declaratory Judgment F.R.C.P. Rule 57, nearly 60 days prior which makes me the "moving party" with undisputed material facts?

12. If. in Defendant's Motion for Summary Judgment Pg. 3 (A) states "Magnus's RLUIPA Claim fails Because His Religious Exercise Has Not Been Substantially Burdened".

    Then: Are defendant's impugning Chief Judge Stanley A. Bastian's judgment as this case would surely have been dismissed as moot if I had failed to show a substantial burden?

13. If, "institutional safety and security are compelling governmental interests", and existing mattresses and pillows offer a larger opportunity for hiding contraband, and misuse of a larger surface area of synthetic rubber/plastic material, which have not failed to thwart search and security efforts.

Then: How is it that a zafu (meditation cushion) and standard sized yoga mat would provide more opportunity and more difficulty for metal detectors, K9 drug sniffing dogs, and physical inspection?

14. If, as stated on Pg. 9 (B) in Defendant's Motion for Summary Judgment "To state a free exercise claim, a plaintiff must show that prison officials knowingly placed a substantial burden on his ability to practice his religious beliefs".

    Then: How does the Legal Notice and Demand sent via U.S. POSTAL SERVICE certified mail no. 9589 0710 5270 1544 6056 73 on February 11, 2024 not satisfy knowledge of substantial burden?

15. If, as stated on Pg. 10 line 15 "the impact that accommodation of the asserted constitutional right will have on security officers, other inmates, and on the allocation of prison resources generally".

    Then: How does the deprivation of a constitutionally protected right become outweighed by state's financial and administrative concerns?

16. If, as stated on Pg. 6 line 2 states "consideration of costs and limited resources" and Pg. 10 line 15 "(3) the impact that accommodation of the asserted constitutional right will have on security officers, ... and on the allocation of prison resources generally" and the Ninth Circuit has held "that any additional administrative costs to the government are far outweighed by the considerable harm to Plaintiff's constitutional rights in the absence of the injunction" and "Faced with such a conflict between financial concerns and preventable human suffering, we have little difficulty concluding that the balance of hardships tips decidedly in plaintiff's favor." Hernandez v. Sessions, 872 F. 3d 976 (9th Cir. 2017).

    Then: How does the state's claims of diversion of the agencies' time, resources, and personnel outweigh my constitutionally protected right?

17. If the Oath For the Office of Attorney General, which is sworn, and subscribed with a "wet signature" states "do solemnly swear (or affirm) that I will support the constitution of the United States and the Constitution and laws of the state of Washington".

    Then: How is it the Attorney General has not abrogated the duty under Oath by vigorously pursuing the defense of state actors when the Oath For the Office of Attorney General clearly lists the constitution of the United States first and the laws of the state of Washington last?

18. If "The people, too have directly charged us with a duty to be mindful of their sovereign rights. "A frequent recurrence to fundamental principles is essential to the security of individual rights and the perpetuity of free government." Const. State of Washington art. 1 § 32." State ex rel. Mullen v. Howell, 107 Wash 167 (1919).

Then: Have the Defendant's and Attorney General ignored their duty under Oath to protect my sovereign rights as one of the People against the Public Interest?

19. If "the guaranties found in the state and federal constitutions which are intended for the protection of the individual in his person, his liberty, and his property have not been the result of any theorizing as to what ought to be secured to the individual by way of enjoyment; they have been the result of experience, and they relate to the supposed respects in which it has been found necessary to limit the power of government in order that the largest practicable measure of individual freedom [423] opportunity may be secured... E. McClain, Constitutional Law in the United States 205, at 2902-293 (2d Ed. 1910). We deem it very significant that this was accepted constitutional doctrine at the time of the Washington Constitutional Convention in 1889." Southcenter Joint Venture v. Nat'l Democratic Policy Comm., 113 Wn. 2d 413 (1989). And "Not merely a restatement of its national counterpart, Washington's Declaration of Rights contains unique and additional protections of individual rights." The Declaration addresses the "rights of a Washington citizen", not the rights of the State. Utter supra, at 524." Maziar v. Dept. of Corr., 180 Wn. App. 209 (2014).

Then: What clause in either the U.S. Constitution of the Constitution of Washington states that prisoners lose these protected rights?

All Unalienable Fundamental, God-given Rights are Reserved and Preserved Without Prejudice pursuant to RCW 62A.1-103/UCC 1-103; 62A.1-104/UCC 1-104; 62A.1-308/UCC 1-308; 62A.2-207/UCC 2-207; 62A.3-419/UCC 3-419; and 62A.10-104/UCC 10-104.

Signed and sealed this 27th day of June, 2025 C.E.

Szeth Aslan Magnus, in esse
Authorized Representative on behalf of
SZETH ASLAN MAGNUS